UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN S. EDWARDS,<br><br>*Plaintiff*,<br><br>v.<br><br>HONORABLE STEPHEN P. LOGAN, *et al.*,<br><br>*Defendants*. | Civil Action No. 23-2258 (LLA) |

**MEMORANDUM OPINION**

The court referred this case to Magistrate Judge Robin M. Meriweather for full case management pursuant to Local Civil Rule 72.3, including "the preparation of a report and recommendation" for any potentially dispositive motions. Sept. 11, 2023 Minute Order. Magistrate Judge Meriweather issued her Report and Recommendation ("R&R") on February 20, 2024, recommending that the court grant Defendant DLA Piper LLP's Motion to Dismiss, ECF No. 6, and dismiss the case because it violates three separate barring orders. ECF No. 38. For the reasons below, the court will adopt Magistrate Judge Meriweather's R&R in full, dismiss the case, and deny the remaining outstanding motions as moot.

**I.    Background**

Over the years, Plaintiff Stephen S. Edwards has filed several suits raising claims related to the foreclosure of an Arizona property and an incident with a Best Buy employee. *See, e.g.*, *Edwards v. Charles Schwab Bank*, No. 14-CV-66 (D. Ariz); *Edwards v. Experian Info. Sols. Inc.*, 15-CV-2640 (D. Ariz); *Edwards v. Best Buy Corp. Off.*, 17-CV-4016 (D. Minn.). Judges in three district courts have entered orders restricting Mr. Edwards from filing new suits based on these events. In April 2019, Judge Steven P. Logan of the U.S. District Court for the District of Arizona

issued an order declaring Mr. Edwards to be a vexatious litigant and requiring that he obtain that court's approval before "seeking to commence any new action" related to the Arizona property. Apr. 30, 2019 Order ("Logan Order") at 10, *Edwards v. PHH Mortg. Corp.*, No. 18-CV-4040 (D. Ariz), ECF No. 100.  In July 2023, Chief Judge Renee M. Bumb of the U.S. District Court for the District of New Jersey issued an order reaffirming that Mr. Edwards "is prohibited from filing any new pleadings . . . arising in any way out of the Arizona foreclosure matter . . . without demonstrating the requisite prior judicial approval of the filing by the Arizona federal district court."  July 14, 2023 Order ("Bumb Order") at 2, *Edwards v. PHH Mortg. Corp.*, No. 22-CV-3926 (D.N.J.), ECF No. 33.  And in September 2021, Judge Emmet G. Sullivan of the U.S. District Court for the District of Columbia issued an order enjoining Mr. Edwards from "further filings in the United States District Courts arising from the incident involving [a] Best Buy employee." Sept. 27, 2021 Order ("Sullivan Order") at 2, *Edwards v. Best Buy Co.*, No. 19-CV-3316 (D.D.C.), ECF No. 31.

In August 2023, proceeding pro se, Mr. Edwards brought the instant suit, naming as defendants two federal judges, Judge Steven P. Logan and Judge John Joseph Tuchi; the U.S. Department of Justice; the law firm DLA Piper LLP ("DLA Piper"); two U.S. Senators, Sheldon Whitehouse and Cory Booker; and two news organizations, the Washington Post and MSNBC.[1] ECF No. 1, at 1.  Mr. Edwards seeks "remedies under the Mandamus act;" specifically, an order reopening two cases related to the Arizona foreclosure, *Edwards v. PHH Mortg.*, No. 18-CV-4040 (D. Ariz.); *Edwards v. PHH Mortg.*, No. 19-CV-1495 (D. Ariz.), and two cases related to the incident involving the Best Buy employee, *Edwards v. Best Buy*, No. 16-CV-14 (D. Ariz.);

---

[1] Mr. Edwards has since voluntarily dismissed Senators Whitehouse and Booker, ECF No. 45 & Mar. 25, 2024 Minute Order; the Washington Post, ECF No. 44 & Mar. 22, 2024 Minute Order; and MSNBC, ECF No. 46 & Mar. 27, 2024 Minute Order.

2

*Edwards v. Best Buy*, No. 19-CV-3316 (D.D.C.).  ECF No. 1, at 4-5, 14.  Mr. Edwards alleges that three of the cases he seeks to reopen were impermissibly removed from Arizona state court to federal court and should be reopened and remanded to state court.  *Id.* at 4-5.  He further contends that an attorney involved with *Edwards v. Best Buy*, No. 19-CV-3316 (D.D.C.) "was not even a licensed attorney at the time he was representing" one of the defendants, and that, as a result, that case should be reopened too.  *Id.* at 5.

DLA Piper moved to strike or dismiss the complaint in its entirety on the grounds that Mr. Edwards had violated the Logan, Bumb, and Sullivan barring orders.  ECF No. 6.  The United States moved to dismiss the federal defendants on several additional grounds.  ECF No. 21-1.  Mr. Edwards has also filed several motions during the pendency of this case, including motions for partial summary judgment and a motion to disqualify Magistrate Judge Meriweather.  ECF No. 15, 22, 24-26.

As noted, the court referred this case to Magistrate Judge Meriweather, and she issued her R&R on February 20, 2024, recommending that the court dismiss Mr. Edwards's complaint in its entirety because it violates the Logan, Bumb, and Sullivan barring orders.  ECF No. 38.  Mr. Edwards timely filed his objection to the R&R on March 1, 2024.  ECF No. 40.  None of the defendants objected to the R&R.

## II.    Legal Standard

A district court "may accept, reject, or modify the recommended disposition" of a magistrate judge.  Fed. R. Civ. P. 72(b)(3).  If "part of the magistrate judge's disposition . . . has been properly objected to," the court will review it de novo.  *Id.*  An objection is proper when it "specifically identif[ies] the portions of the proposed findings and recommendations to which objection is made and the basis for the objection."  *Id.* R. 72.3(b).  But "when a party makes

3

conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *M.O. v. District of Columbia*, 20 F. Supp. 3d 31, 37 (D.D.C. 2013) (quoting *Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009)). "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference and is clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Borushevskyi v. U.S. Citizenship & Immigr. Servs.*, 664 F. Supp. 3d 117, 125 (D.D.C. 2023) (internal quotation marks omitted).

### III. Discussion

Mr. Edwards timely filed his objection to the R&R, ECF No. 40, but he does not identify any specific legal error in the R&R. Instead, his filing contains "conclusory [and] general objections" and "simply reiterates his original arguments." *M.O.*, 20 F. Supp. 3d at 37. For that reason, the court will review the R&R for clear error. *Id.*

The court discerns no error, let alone clear error, with the R&R. Magistrate Judge Meriweather correctly stated that district courts have the authority to "enjoin an abusive and vexatious litigant from repeatedly filing actions related to the same issue or parties without first obtaining the court's permission." *Dantzler v. EEOC*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011) (quoting *In re Green*, 669 F.2d 779, 782 (D.C. Cir. 1981)); *see* ECF No. 38, at 5 ("It is well-settled that a court may dismiss a complaint filed by a vexatious litigant that violates an injunctive order entered by another court." (internal quotation marks omitted)). She identified three separate barring orders, issued by three different federal courts, that require Mr. Edwards to seek leave of court before filing a new suit concerning the Arizona foreclosure or the Best Buy incident. ECF No. 38, at 4 (detailing the Logan, Bumb, and Sullivan orders). Magistrate Judge Meriweather

noted the absence of evidence that Mr. Edwards had received leave of court to file the present suit, which seeks to reopen cases concerning the Arizona foreclosure and the Best Buy incident and is thus covered by the barring orders. *Id.* at 6-7 ("Mr. Edwards does not present any evidence that he received permission from the District of Arizona."). She correctly recognized that a court can dismiss a complaint with prejudice if the plaintiff fails to comply with a court order and recommended that this court do so. *Id.* at 7. Finally, Magistrate Judge Meriweather explained that if this court adopted her recommendation to grant DLA Piper's motion to dismiss, that decision would render the remaining motions—both from Mr. Edwards and the remaining defendants—moot. *Id.* Magistrate Judge Meriweather's legal analysis is sound, and she properly applied the legal framework to the specific facts of the case.

Mr. Edwards's objections do not reveal any flaws in Magistrate Judge Meriweather's R&R. Mr. Edwards first takes issue with this case being reassigned to the undersigned, arguing that it should instead be assigned to a Senior Judge or the Chief Judge.[2] ECF No. 40, at 3-4. The court understands that Judge Sullivan was previously assigned to this case, but the Local Rules permit reassignment of cases upon the "appointment of a new judge," Local Civ. R. 40.6(b), and assignments and reassignments are made at random, *id.* R. 40.3(a). Mr. Edwards is not entitled to any specific judge on his case.

---

[2] Mr. Edwards also seeks Magistrate Judge Meriweather's disqualification from the case. ECF No. 15. A judge "shall disqualify [herself] in any proceeding in which [her] impartiality might be reasonably questioned." 28 U.S.C. § 455(a). "There is a presumption against disqualification and the moving party must demonstrate by clear and convincing evidence that disqualification is required." *Walsh v. FBI*, 952 F. Supp. 2d 71, 75 (D.D.C. 2013). Mr. Edwards's dissatisfaction with Magistrate Judge Meriweather's rulings in his cases is no basis for her disqualification. *United States v. Hite*, 769 F.3d 1154, 1172 (D.C. Cir. 2014) ("[U]nfavorable judicial rulings alone almost never constitute a valid basis for reassignment.").

5

Next, Mr. Edwards continues to argue, as he did before Magistrate Judge Meriweather, that Judge Logan improperly exercised federal jurisdiction over the cases before him. ECF No. 40, at 2-3. But as Magistrate Judge Meriweather explained: "This Court is not the proper forum for Mr. Edwards to seek to discredit orders from other districts based on his apparent belief that they were improperly entered and his disagreement with the removal of the District of Arizona case in which Judge Logan's Order was issued." ECF No. 38, at 5.

Finally, Mr. Edwards repeatedly requests that a jury hear his case. *See generally* ECF No. 40. "[T]he jury trial right exists only when some genuine issue of material fact must be determined;" thus, dismissals based on questions of law do not require a jury. 9 Charles Allen Wright et al., *Federal Practice and Procedure* § 2302.4 (4th ed. 2023). The R&R explains that dismissal is required as a matter of law—namely, that the barring orders legally prevent Mr. Edwards from maintaining his suit. *See* ECF 38, at 5-8. Because dismissal does not turn on a factual dispute, Mr. Edwards's right to demand a jury trial has not attached.

## IV. Conclusion

For the foregoing reasons, the court will issue a contemporaneous order adopting Magistrate Judge Meriweather's R&R, ECF No. 38; granting Defendant DLA Piper's Motion to Dismiss, ECF No. 6; and denying all remaining motions as moot, ECF Nos. 15, 21-23, 24-25, 42, 47.

/s/ Loren L. AliKhan  
LOREN L. ALIKHAN  
United States District Judge

Date: March 29, 2024