**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEPHEN S. EDWARDS, <br><br> *Plaintiff,* <br><br> v. <br><br> HONORABLE STEVEN P. LOGAN, *et al.*, <br><br> *Defendants*. | Civil Action No. 23-2258 (LLA) |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff's Motion to Vacate, ECF No. 51.  Plaintiff Stephen S. Edwards, proceeding pro se, seeks reconsideration of the court's dismissal of his complaint.  ECF Nos. 49 & 50.  For the reasons that follow, the court will deny the motion.[1]

Mr. Edwards brought this mandamus action seeking to reopen two cases related to an Arizona foreclosure and two cases related to an incident involving a Best Buy employee.  ECF No. 1, at 4-5, 13-14.  This court dismissed the case because Mr. Edwards had violated "three separate barring orders, issued by three different federal courts, that require Mr. Edwards to seek leave of court before filing a new suit" related to these topics.  ECF No. 49, at 4.   Mr. Edwards now requests that the court "set aside the ruling to dismiss [his lawsuit] with prejudice" pursuant to Federal Rule of Civil Procedure Rule 60(b).  ECF No. 51, at 1.  The matter is fully briefed.

Rule 60(b) grants the court discretion to "relieve a party . . . from a final judgment" for one of six enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] Mr. Edwards also filed a motion to expedite ruling on his motion to vacate.  ECF No. 52. The court will deny that motion as moot in light of this opinion.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "[I]t is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled."  *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 81 (D.D.C. 2015) (quoting *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)). "The decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the District Court."  *Kareem v. Fed. Deposit Ins. Corp.*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)). Motions for reconsideration are disfavored and granted only in extraordinary cases.  *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011).

Mr. Edwards does not raise any arguments warranting relief under Rule 60(b).  Instead, he repeats the same arguments from his earlier filings, which the court has already addressed in dismissing his case.  *See* ECF No. 40, at 2-4 (arguing that the cases he seeks to reopen were improperly removed to federal court and that the case should not be assigned to the undersigned); ECF No. 51, at 1-3 (same).  Because a 60(b) motion cannot be used to "reargue" issues "upon which [the] court has already ruled," the motion will be denied.  *Estate of Gaither*, 771 F. Supp. 2d at 10.

2

For the foregoing reasons, the court will issue a contemporaneous order denying Plaintiff's

Motion to Vacate, ECF No. 51.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: April 23, 2024